IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECS USA CORP, a California corporation,<br><br>           Plaintiff,<br><br>           v<br><br>SPECS Surface Nano Analysis GmbH, a German corporation, SPECS Surface Nano Analysis, Inc, a Florida corporation and DOES 1-20,<br><br>           Defendants.<br>_____/ | No   C 10-4250 VRW<br><br>ORDER |

In their motion to dismiss plaintiff's complaint pursuant to FRCP 12(b)(3), defendants SPECS Surface Nano Analysis GmbH and SPECS Surface Nano Analysis, Inc (collectively "defendants") contend that plaintiff seeks both to enforce the parties' alleged

agreement and to avoid that agreement's forum-selection clause. Docs #7 at 6; 16 at 7.  In defendants' words, plaintiff should be estopped from "disputing the existence of provisions of [the parties'] contract that it dislikes."  Doc #16 at 7.  Plaintiff, in opposition, offers only limited argument on this issue and fails to cite or to address any case law in support of its position.  Doc #15 at 7-8.

In doing so, plaintiff attempts to frame its ratification of the agreement at issue as applying only to "[t]he salient terms of the Agreement" —— which in its view would not include the forum-selection clause.  Plaintiff's complaint, however, alleges that the parties "ratified the agreement," Doc #1 at 7 ln 10, "entered into an Agreement," id at 11 ln 6, and "operated under the terms of the Agreement," id at ln 12-13, without carving out an exception for the forum-selection clause.  "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them," <u>Am Title Ins Co v Lacelaw Corp</u>, 861 F2d 224, 226 (9th Cir 1988), and "have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact," id at 226; see also <u>Ohkubo v Antara Biosciences, Inc</u>, 364 Fed Appx 340 (9th Cir 2010) (unpublished).

Perhaps surprisingly, defendants have not presented the court with case law addressing this situation; nor have the parties taken time fully to develop their respective estoppel positions. The issues of estoppel and the enforceability of an unsigned forum selection clause have arisen, however, in the purchase order and arbitration contexts, among other places.  See, for example, <u>Comer v Micor, Inc</u>, 436 F3d 1098 (9th Cir 2006); <u>Hellenic Investment Fund</u>

**v Det Norske Veritas, 464 F3d 514 (5th Cir 2006); E I DuPont de Nemours and Co v Rhone Poulenc Fiber and Resin Intermediates, SAS, 269 F3d 187 (3d Cir 2001); Roberts & Schaefer Co v Merit Contr Inc, 99 F3d 248 (7th Cir 1996); SRS, Inc v Airflex Industrial, Inc, 2008 WL 4792687 (D NJ 2008); Chastain v Union Sec Life Ins Co, 502 F Supp 2d 1072 (CD Cal 2007); Legacy Wireless Services v Human Capital, LLC, 314 F Supp 2d 1045 (D Or 2004).**

**These cases suggest that "[e]quitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes," Comer, 436 F3d at 1101, and direct-benefit estoppel "involve[s] non-signatories who, during the life of the contract, have embraced the contract despite their non-signatory status but then, during litigation, attempt to repudiate [a clause] in the contract," DuPont, 269 F3d at 200.**

**Before hearing the matter, it would be helpful to the court to receive guidance from the parties on these issues. On or before December 8, 2010, plaintiff is ORDERED to file a supplemental memorandum of not more than ten pages addressing Am Title Ins Co and its progeny and any theory of estoppel that may pertain to this case. Defendants may file, if they choose, a supplemental memorandum of not more than ten pages on or before December 15, 2010. The parties are reminded to limit their submissions to the issues discussed herein and should support their respective positions with citations to appropriate legal authority.**

**The hearing previously scheduled for December 2, 2010 is HEREBY VACATED and RESCHEDULED for 10AM on December 23, 2010. If the parties are unable to appear at that time, they may reset the**

3

1 **hearing by contacting the court clerk.  In the event of further**
2 **rescheduling, however, the parties should comply with the above-**
3 **described briefing schedule.**

5        **IT IS SO ORDERED.**

7                        **Vaughn R Walker**
                       **United States District Chief Judge**

**United States District Court**
For the Northern District of California