**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SPECS Surface Nano Analysis GmbH, et al., | NO. C 11-00393 JW |
| Plaintiffs, | NO. C 10-04250 JW |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS; REQUIRING PLAINTIFFS TO JOIN SPECS USA AS A DEFENDANT** |
| Rickmer Kose, | |
| Defendant. | |
| SPECS USA Corp., | |
| Plaintiff, | |
| v. | |
| SPECS Surface Nano Analysis GmbH, et al., | |
| Defendants. | |

## I.  INTRODUCTION

SPECS Surface Nano Analysis GmbH and SPECS Surface Nano Analysis, Inc. (collectively, "Plaintiffs"), bring this action against Rickmer Kose ("Defendant"), alleging, *inter alia*, violations of the Lanham Act, 15 U.S.C. § 1125(a), and various state law claims.  Plaintiffs allege that Defendant wrongfully retained money paid to him by third parties for Plaintiffs' products, and that Defendant's use of the website www.specsus.com constitutes cybersquatting in violation of the Lanham Act.

Presently before the Court is Defendant's Motion to Dismiss.[1] The Court finds it appropriate to take the Motion under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES Defendant's Motion to Dismiss.[2] However, the Court requires that Plaintiffs join SPECS USA Corp. as a Defendant because it is a necessary party.

## II.  BACKGROUND

In a Complaint[3] filed on January 26, 2011, Plaintiffs allege as follows:

Plaintiffs are a German corporation with its principal place of business in Germany and a Florida corporation with its principal place of business in Florida. (Complaint ¶¶ 1-2.) Defendant is an individual doing business in California. (Id. ¶ 3.) He is the sole owner and principal of SPECS USA Corp. ("SPECS USA"), which is registered as a California Company with the California Secretary of State. (Id.) Defendant dominates and controls SPECS USA's actions such that SPECS USA is a mere shell, instrumentality, and conduit through which Defendant has acted and continues to act. (Id. ¶ 4.)

Plaintiffs and Defendant had financial transactions resulting in the sale of Plaintiffs' products to third parties for certain sums. (Complaint ¶ 26.) As a result of those transactions, Defendant owes Plaintiffs a total of €337,267.45, which Defendant has not paid to Plaintiffs. (Id. ¶¶ 28-36.) Also, Defendant has used the website www.specsus.com to

---

[1] (See Defendant's Notice of Motion and Motion to Dismiss Complaint, Docket Item No. 16; see also Defendant's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint, hereafter, "Motion," Docket Item No. 15.)

[2] In its Motion, Defendant contends that this case "should be dismissed under [Fed. R. Civ. P.] 19(a)(1)." (Motion at 2.) However, Rule 19(a)(1) does not provide for dismissal of cases. Rather, as discussed below, Rule 19(a)(1) requires a court to join an absent party if that party is deemed "necessary" to the case. A case can only be dismissed under Rule 19(b), which requires the Court to consider whether it should "in equity and good conscience" dismiss a case if a necessary party cannot be joined. Fed. R. Civ. P. 19(b); see generally Confederated Tribes of Chehalis Indian Res. v. Lujan, 928 F.2d 1496, 1500 (9th Cir. 1991) (O'Scannlain, J., concurring in part and dissenting in part) (explaining that while Rule 19(a) "prescribes standards for determining whether a non-party is 'necessary' to the litigation," Rule 19(b) "prescribes standards for determining whether a non-party is 'indispensable,' so that litigation cannot proceed in that non-party's absence"). Defendant does not move under Rule 19(b). Accordingly, the Court construes the Motion as a Motion to Dismiss or, in the alternative, for joinder under Rule 19(a)(1).

[3] (hereafter, "Complaint," Docket Item No. 1.)

1  offer on behalf of SPECS USA products identical or substantially similar to those
2  manufactured and sold by Plaintiffs.  (Id. ¶ 23.)
3  On the basis of the allegations outlined above, Plaintiffs allege eleven causes of action: (1)
4  Open Book Account; (2) Money Had and Received; (3) Goods and Services Rendered; (4) Account
5  Stated; (5) Conversion; (6) Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a); (7)
6  Cybersquatting under 15 U.S.C. § 1125(d)(1)(A); (8) Unfair Business Practices under California
7  Business & Professions Code ¶¶ 17200, *et seq.*; (9) Deceptive Advertising under California Business
8  & Professions Code ¶¶ 17500, *et seq.*; (10) Common Law Unfair Competition; and (11) Unjust
9  Enrichment.[4]
10 Presently before the Court is Defendant's Motion to Dismiss.

## III. STANDARDS

Under Fed. R. Civ. P. 12(b)(7), a party may bring a motion to dismiss for "failure to join a party under Rule 19."  Rule 19 governs compulsory joinder of parties.  "A Rule 12(b)(7) motion will be granted only if the court determines that joinder of the party is not possible, and that the party is, in fact, 'indispensable.'"  Mintel Learning Tech., Inc., v. Beijing Kaidi Educ., No. C 06-7541 PJH, 2007 WL 2288329, at *11 (N.D. Cal. Aug. 9, 2007) (citing Shermoen v. United States, 982 F.2d 1312, 1317 (9th Cir. 1992)).

## IV. DISCUSSION

Defendant moves to dismiss on the ground that Plaintiffs failed to join an indispensable party under Fed. R. Civ. P. 19(a)(1), namely, SPECS USA.  (Motion at 6-9.)  Plaintiffs respond that SPECS USA is not an indispensable party to the action, because SPECS USA is merely an alter ego of Defendant.[5]

---

[4] This case is related to SPECS USA CORP. v. SPECS Surface Nano Analysis GmbH, et al., No. 10-4250 JW (hereafter, "Related Case").  (See Docket Item No. 8.)  In the Related Case, SPECS USA is the plaintiff, while Plaintiffs in the present action are the defendants.

[5] (See Opposition to Defendant Rickmer Kose's Motion to Dismiss at 3-10, hereafter, "Opp'n," Docket Item No. 17.)

3

To find that an absent party is "indispensable," the court must first deem the party "necessary" under Rule 19(a)(1). Schnabel v. Lui, 302 F.3d 1023, 1029 (9th Cir. 2002). A party is "necessary" under Rule 19 under either of two conditions. First, a party is necessary if, in that party's absence, the court is unable to accord complete relief to the parties present. Fed. R. Civ. P. 19(a)(1). In the context of Rule 19, "complete relief" means that the existing parties can get meaningful recovery for their claims without multiple lawsuits on the same cause of action. Northrop Corp. v. McDonnell Douglas Corp., 705 F.2d 1030, 1043 (9th Cir. 1983). The "completeness" of relief under Rule 19 "must be analyzed within . . . the four corners of the complaint," because the relevant question for Rule 19 "must be whether success in the litigation can afford the plaintiffs the relief *for which they have prayed*." Lujan, 928 F.2d at 1501 (O'Scannlain, J., concurring in part and dissenting in part) (emphasis in original). Second, a party is necessary if disposition of the case without that party would as a practical matter impair that party's ability to protect his interests, or would subject existing parties to multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(2). If a necessary party has not been joined, and if that party is subject to process and joinder will not deprive the court of subject-matter jurisdiction, "the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(1)-(2).

Here, Plaintiffs' Complaint prays, *inter alia*, that "SPECS USA CORP. take nothing by way of its Complaint" in the Related Case. (Complaint at 17.) Thus, in order to afford Plaintiffs the complete relief for which they have prayed, SPECS USA is a necessary party to this action. Lujan, 928 F.2d at 1501. Accordingly, the Court finds that SPECS USA is a necessary party under Rule 19(a)(1).[6]

---

[6] As discussed previously, under Rule 19(a) a necessary party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" if, in that party's absence, the Court cannot accord complete relief among existing parties. Here, SPECS USA is subject to service of process from this Court, as it is "registered with the California Secretary of State as a California Company." (Complaint ¶ 3.) Further, joinder of SPECS USA will not deprive the Court of subject-matter jurisdiction, as the Court has federal question jurisdiction under the Lanham Act, 15 U.S.C. § 1125. (Id. ¶ 5.)

4

Plaintiffs contend that joinder of SPECS USA is not required because they have alleged that SPECS USA is merely the alter ego of Defendant. (Opp'n at 5-9.) This contention misstates the law. At the pleading stage, it is not sufficient to "make conclusory allegations of control" in support of an alter ego allegation. Lovesy v. Armed Forces Ben. Ass'n, No. C 07-2745 SBA, 2008 WL 696991, at *4 (N.D. Cal. Mar. 13, 2008). Instead, "[a]t a minimum," a plaintiff "must set forth 'sufficiently specific factual allegations' to support an alter ego claim in order to overcome a motion to dismiss." Id. Here, however, Plaintiffs merely allege that Defendant "has directed and controlled and continues to direct and control SPECS USA CORP.'s actions such that SPECS USA CORP. is a mere shell, instrumentality, [or] conduit through which [Defendant] has acted and continues to act." (Complaint ¶ 4.) Such conclusory allegations of control are insufficient to support Plaintiffs' alter ego claim. Lovesy, 2008 WL 696991, at *4.

Accordingly, the Court DENIES Defendant's Motion to Dismiss as it was brought under an incorrect rule. However, because the Court finds that SPECS USA is a necessary party under Fed. R. Civ. P. 19(a), Plaintiffs shall join SPECS USA as a Defendant.[7]

### V. CONCLUSION

The Court DENIES Defendant's Motion to Dismiss. The Court ORDERS that SPECS USA be made a party to the action. On or before **July 1, 2011**, Plaintiffs shall file their Amended Complaint consistent with the terms of this Order.

In addition, the Court sets **July 11, 2011 at 10 a.m.** for a Case Management Conference in both this case and the Related Case. On or before **July 1, 2011**, the parties in both cases shall file Joint Case Management Statements including, *inter alia*, their positions with respect to the Court's

---

[7] In its Reply, Defendant further contends that the Court should dismiss this action pursuant to Fed. R. Civ. P. 41(b) and require Plaintiffs to refile their claims as a Cross-Complaint in the Related Case. (See Defendant's Reply to Opposition to Motion to Dismiss Complaint at 6-8, Docket Item No. 18.) Because Defendant does not move for dismissal pursuant to Rule 41(b) in its Motion to Dismiss, the Court does not reach this issue. However, the Court gives notice that at the upcoming Case Management Conference for both cases, the Court intends to consolidate the two cases.

intent to consolidate these cases and a good faith proposed schedule on how the cases should proceed.

Dated: June 23, 2011

JAMES WARE
United States District Chief Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Garth Aaron Rosengren grosengren@kksrr.com
James Harold Vorhis jvorhis@nossaman.com
Kenneth E. Keller kkeller@kksrr.com
Michael David Lisi mlisi@kksrr.com

**Dated:  June 23, 2011**                              **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
          **Susan Imbriani**
          **Courtroom Deputy**