United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| In re SPECS. | NO. C 10-04250 JW |

**SCHEDULING ORDER**

_____/

This case is scheduled for a Case Management Conference on August 29, 2011. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. (See Docket Item No. 42.) Based on their joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, the Case Management Conference is VACATED and the parties are ordered to comply with the following schedule:

**CASE SCHEDULE**

| | |
|---|---|
| **Close of All Discovery (¶ 9)** | **May 18, 2012** |
| **Last Date for Hearing Dispositive Motions (¶ 10)** *(≈60 days after the Close of All Discovery)* | **July 9, 2012** |
| **Preliminary Pretrial Conference at 11 a.m. (¶ 12)** *(≈30 days before the Close of All Discovery)* | **April 23, 2012** |
| **Preliminary Pretrial Conference Statements (¶ 11)** *(Due 10 days before conference)* | **April 13, 2012** |

1  None of the dates set in this Order may be changed without an order of the Court made after
2  a motion is filed pursuant to the Civil Local Rules of Court.

3  **Standing Order to Lodge Printed Copy of "ECF" Papers**

4  1. In all cases, including cases covered by the Electronic Case Filing System of
5  the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in
6  addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a
7  printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the
8  Chambers of Judge James Ware."  The "Chamber's Copy" envelop must state the case name and case
9  number and be delivered on or before the close of the next court day following the day the papers
10 are filed electronically.  See Standing Order Regarding Case Management in Civil Cases.

11 **Compliance with Discovery Plan and Reference to Magistrate Judge**

12 2. The parties are ordered to comply with the discovery plan as set forth in the
13 Case Schedule.  Any disputes with respect to the implementation of the discovery plan and all
14 disclosure or discovery disputes are referred to the assigned Magistrate Judge.  In addition, any
15 disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate
16 Judge.

17 **Document Management During Pretrial Discovery and Electronic Evidence Presentation**

18 3. This Court has available a digital and video electronic evidence presentation
19 system.  Before commencement of pretrial discovery, the parties are ordered to familiarize
20 themselves with the system, and to meet and confer about whether the case will involve voluminous
21 documentary.  If so, as the parties identify documentary material which is likely to be used as trial
22 exhibits, the parties are ordered to electronically store these materials in a fashion which will
23 facilitate displaying them electronically during the trial.  The parties are reminded that Civil L.R. 30-
24 2(b) requires sequential numbering of exhibits during depositions and that numbering must be
25 maintained for those exhibits throughout the litigation.  Each proposed exhibit shall be pre-marked
26 for identification.  All exhibits shall be marked with numerals.  The parties shall meet and confer on

1 a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999;
2 Defendant #2: 300,000-500,000).

### Disclosure of Expert Witnesses

4. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days before close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

5. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B).

6. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

### Rebuttal Expert Witnesses

7. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **49 days prior to discovery cutoff.**

3

**Limitation on Testimony by Expert Witnesses**

8. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

**Close of Discovery**

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

**Last date for Hearing Dispositive Motions**

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

**Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order**

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

Dated: August 23, 2011

JAMES WARE
United States District Chief Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brendan F. Macaulay bmacaulay@nossaman.com
Garth Aaron Rosengren grosengren@kksrr.com
James Harold Vorhis jvorhis@nossaman.com
Kenneth E. Keller kkeller@kksrr.com
Michael David Lisi mlisi@kksrr.com

Dated:  August 23, 2011                    Richard W. Wieking, Clerk

                                           By:  /s/ JW Chambers
                                                Susan Imbriani
                                                Courtroom Deputy

**United States District Court**
For the Northern District of California