UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE SPECS

No. C 10-04250 YGR (DMR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS**

On May 15, 2012, Defendants Specs USA Corp. and Rickmer Kose moved to compel document production and interrogatory responses by Plaintiffs SPECS GmbH and SPECS Inc. Following a hearing, the court issued an order granting in part and denying in part Defendants' motion. Now before the court is Defendants' motion for sanctions pursuant to Federal Rule of Civil Procedure 37. [Docket No. 83 (Sanctions Motion).] The court held a hearing on Defendants' motion on September 13, 2012. For the reasons stated at the hearing and below Defendants' motion is GRANTED.

**I. Background**

On April 27, 2012, Defendants moved to compel production of documents and interrogatory responses. The court subsequently denied the motion without prejudice and ordered the parties to meet and confer in person regarding their discovery disputes, and to submit a joint letter brief if disputes remained after meeting and conferring. The court also ordered the parties to "serve a letter certifying that production of documents in response to particular requests for production [was] complete, where applicable," by May 10, 2012. [Docket No. 69.] On May 10, 2012, Plaintiffs

served a letter certifying that they "[had] produced all documents in their possession, custody, and control subject to a reasonable search," except for three categories of documents which were still in dispute. [Docket No. 75-1 (Plaintiffs' certification letter).] The parties were unable to reach agreement regarding all of their discovery disputes, and filed a joint letter on May 15, 2012. [Docket No. 75 (second motion to compel).] Shortly before the June 14, 2012 hearing on Defendants' second motion to compel, Plaintiffs produced over 100,000 documents to Defendants. In late June and July, following the court's June 21, 2012 Order granting in part and denying in part Defendants' second motion to compel, Plaintiffs produced over 30,000 more responsive documents. (Second Mot. to Compel 2.)

## II. Discussion

Defendants cite three bases for sanctions. Defendants argue they are entitled to sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), for Plaintiffs' failure to obey a court order to provide or permit discovery, as well as Rule 26(g)(3), which authorizes sanctions for a false discovery certification. Defendants also argue that sanctions pursuant to Rules 37(a)(5)(A) and 37(a)(5)(C) are warranted, because Plaintiffs provided requested documents after Defendants filed their second motion to compel, and because Defendants "substantially prevail[ed]" on their second motion to compel.

### A. Legal Standards

Rule 37 authorizes the imposition of various sanctions for discovery violations, including a party's failure to obey a court order to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). Such sanctions may include ordering a party to pay the reasonable expenses, including attorneys' fees, caused by its failure to comply with the order or rule. Fed. R. Civ. P. 37(b)(2)(C). Rule 37 also authorizes sanctions in the form of an award of reasonable expenses, including attorneys' fees, in connection with motions to compel. Such an award of expenses is mandatory if requested discovery is provided after a motion to compel is filed, unless the moving party "filed the motion before attempting in good faith to obtain the discovery . . . sought without court action; . . . the opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). If a motion to

compel is granted in part and denied in part, the court may also apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(C).

### B. Analysis

Defendants first contend that Plaintiffs should be sanctioned for violating the court's May 3, 2012 discovery order by certifying on May 10 that their production was complete as to most categories, when in fact that was materially untrue. Defendants base this assertion on the fact that Plaintiffs made at least four additional significant productions of responsive documents *after* certifying that their production was complete. Therefore, Defendants argue, the May 10 certification was either "knowingly false or made without confirming the adequacy of Plaintiffs' document collection or production efforts." (Sanctions Mot. 3.) Plaintiffs argue that Rule 37(b)(2)(A) does not apply as they did not "fail to provide or permit discovery" as ordered by the court. They argue that they in fact complied with the court's order to certify their production, and that they believed that their initial production of responsive documents was complete as of the date of their certification. While acknowledging that there were inaccuracies in their certification letter, Plaintiffs claim that any such inaccuracies "have been rectified or are being rectified by means of Plaintiffs' supplemental productions." (Sanctions Mot. 5.)

The court concludes that Plaintiffs failed to substantially comply with its May 3, 2012 Order. Although they served a timely letter purporting to certify the completeness of their document production, Plaintiffs' certification was clearly incorrect, as evidenced by the fact that they later produced over 130,000 responsive documents. For example, Plaintiffs certified that their production in response to three requests seeking inter-party communications was "complete." (Pls.' Certification Letter 3, 5.) Yet Plaintiffs produced *over 9,000* inter-party emails shortly before the June 14 hearing on the second motion to compel. (Sanctions Mot. 5.) While Plaintiffs may have complied with the *letter* of the Order by serving a certification letter by the deadline, they certainly did not comply with its *spirit*. Given the sheer volume of documents produced after the date of certification, the court can only conclude that the certification was either knowingly false, or at the very least, made without confirming the adequacy of their collection and production efforts. In either case, Plaintiffs violated the court's May 3 Order. Pursuant to Rule 37(b)(2)(C), the court

finds that payment of Defendants' reasonable expenses, including attorneys' fees, is an appropriate sanction for Plaintiffs' failure to comply with the court order.

In addition, by no later than September 24, 2012, Plaintiffs are ordered to serve and file certifications by Reinhard Lembke, CEO of Plaintiff SPECS GmbH, as well as by Plaintiffs' lead counsel, that Plaintiffs have performed a diligent and reasonable search and have produced all responsive documents in their possession, custody or control to Defendants. Such certifications shall be signed under penalty of perjury. If Plaintiffs locate any additional responsive documents after the date of their final certifications, Plaintiffs must produce such documents to Defendants. Plaintiffs will be precluded from using any such late-produced documents in connection with a motion or at trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Next, Defendants argue they are entitled to reasonable expenses, including attorneys' fees, in connection with their second motion to compel. Defendants seek expenses under Rule 37(a)(5)(A), because Plaintiffs provided documents that were the subject of the second motion to compel after Defendants filed that motion on May 15. Plaintiffs do not dispute that they served over 100,000 documents that Defendants sought to compel, just days before the June 14, 2012 hearing on the second motion. Plaintiffs make no attempt to argue that their failure to produce those responsive documents sooner was substantially justified.[1] Accordingly, Defendants are entitled to an award of reasonable expenses pursuant to Rule 37(a)(5)(A).

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Sanctions is GRANTED. Defendants submitted evidence supporting the amount of monetary sanctions they seek in connection with the sanctions motion. On September 10, 2012, without seeking leave of court, Defendants submitted a supplemental declaration in support of their motion in which they requested additional attorneys' fees incurred in July 2012, after Defendants' motion to compel was decided. [Docket No. 89.] At the September 13, 2012 hearing, the court ordered limited briefing from both sides as to Defendants'

---

[1] Defendants also seek an award of reasonable expenses pursuant to Rule 37(a)(5)(C) for "substantially prevailing" on their second motion to compel. The court need not reach the merits of this argument as it determines that Defendants are entitled to an award on other grounds.

4

request for attorneys' fees incurred in July 2012. The court will issue a separate order setting forth the amount of sanctions awarded to Defendants.

IT IS SO ORDERED.

Dated: September 18, 2012



_____
DONNA M. RYU
United States Magistrate Judge

**United States District Court**
For the Northern District of California