**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11   IN RE SPECS                            No. C 10-04250 YGR (DMR)

12                                          **ORDER AWARDING DISCOVERY
                                            SANCTIONS**

13

14   _____/

15

16                              **I.  Background**

17         On May 15, 2012, Defendants Specs USA Corp. and Rickmer Kose moved to compel

18   document production and interrogatory responses by Plaintiffs SPECS GmbH and SPECS Inc.

19   [Docket No. 75 (second motion to compel[1]).]  Following a hearing, the court issued an order

20   granting the motion in part and denying it in part.  Defendants subsequently moved for sanctions

21   pursuant to Federal Rule of Civil Procedure 37.  [Docket No. 83 (Sanctions Motion).]  In connection

22   with their motion, Defendants submitted evidence supporting the amount of monetary sanctions

23   sought through June 30, 2012. [Docket 83-1.]   The court held a hearing  on September 13, 2012, at

24

25   _____

26         [1]  This was Defendants' second motion to compel.  Defendants had previously filed a motion
     to compel production of documents and interrogatory responses. On May 3, 2012, the court denied that
27   motion without prejudice and ordered the parties to meet and confer in person regarding their discovery
     disputes, and to submit a joint letter brief if disputes remained after meeting and conferring.  The court
     also ordered the parties to "serve a letter certifying that production of documents in response to
28   particular requests for production [was] complete, where applicable," by May 10, 2012.  [Docket No.
     69.]

United States District Court

For the Northern District of California

which the court ordered limited briefing from the parties as to Defendants' request for attorneys' fees incurred in July 2012 on the sanctions motion.  On September 18, 2012, the court issued an order granting the  motion but did not set forth the amount of the sanctions award, pending the receipt of additional briefing.  [Docket No. 96.]  The parties subsequently submitted the requested briefing.  [Docket Nos. 94, 97.]  Having considered the parties' submissions, and having deemed that the matter appropriately may be decided on the papers without oral argument, this court now orders Plaintiffs to pay discovery sanctions in the amount of $39,185.44 to Defendants.

## II.  Discussion

In the court's September 18, 2012 order, the court held that sanctions in the form of attorneys' fees and costs payable by Plaintiffs to Defendants were warranted on two separate grounds: 1) pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) for Plaintiffs' violation of the court's May 3, 2012 discovery order to certify their production of documents; and 2) pursuant to Rule 37(a)(5)(A) for providing documents that were the subject of Defendants' second motion to compel after Defendants filed that motion, respectively.  (Order 3-4.)

Defendants seek an award of $82,751.44, representing attorneys' fees and costs they allege were incurred as a result of Plaintiffs' discovery violations from January through August 2012. [Docket No. 94, Decl. of Macaulay in Supp. of Defs.' Mot. for Rule 37 Sanctions ("2d Macaulay Decl.) ¶ 6, Sept. 17, 2012.]  Defendants represent that $50,132.50 of the total amount was incurred due to Plaintiffs' failure to comply with the court's orders and Plaintiffs' subsequent productions of documents sought in Defendants' second motion to compel.  (Sanctions Mot. 8.)  The balance, $32,618.94, represents fees and costs incurred in connection with the sanctions motion and "Defendants' efforts to secure Plaintiffs' compliance with their discovery obligations and this Court's order, including pre-motion efforts to get the 100,000 pages of documents and 9,000 emails that were produced on June 8 and 12 during the pendency of the [second] motion to compel."  (2d Macaulay Decl. ¶ 2; *see also* Sanctions Mot. 8.)

Defendants submitted billing invoices for the months of January, February, March, April, May, and July 2012.  [Docket No. 83-1, Decl. of Macaulay in Supp. of Defs.' Mot for Rule 37

United States District Court

For the Northern District of California

1  Sanctions ("1st Macaulay Decl."), Exs. A-F[2], July 24, 2012; 2d Macaulay Decl. Ex. J.]  Defendants

2  did not submit billing records for the months of June and August 2012.  The total amount of fees and

3  costs for which Defendants have submitted proper documentation is $55,219.44.

4      The court finds that Defendants are entitled to requested fees incurred in May and July 2012.

5  The court carefully reviewed the billing documents, and declines to award fees for the months of

6  January, February, March, April, June, and August 2012.  The fees and costs requested for the

7  months of January through March 2012 represent expenses incurred as a result of meeting and

8  conferring with Plaintiffs regarding their discovery responses prior to the filing of Defendants'

9  second motion to compel.  The court will not compensate Defendants for those hours spent meeting

10  and conferring, because such would have been required regardless of whether Defendants had to

11  bring any motion to compel.  With respect to the fees incurred in April 2012, all were related to

12  Defendants' first motion to compel, which the court denied without prejudice; such fees are

13  therefore not properly awarded as a sanction.  [Docket No. 69.]  Regarding the fees incurred in June

14  and August 2012, as noted, Defendants did not submit billing records for those months so the court

15  is unable to determine whether the hours claimed for those months were unnecessary, duplicative, or

16  excessive.  *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *reh'g denied,*

17  *amended on other grounds,* 808 F.2d 1373 (9th Cir. 1987) (in determining reasonable hours for fee

18  award, "counsel bears the burden of submitting detailed time records justifying the hours claimed to

19  have been expended"; court may reduce hours for inadequate documentation and/or where hours

20  duplicative, excessive, or unnecessary).  Accordingly, the court declines to award fees incurred

21  during those months.

22      The court has reduced the amount of fees awarded for hours billed in May 2012 by $731.

23  That amount represents hours billed prior to the May 3, 2012 hearing on Defendants' first motion to

24  compel, which the court denied.  The court finds that the remainder of the hours billed in May 2012

25  were related to the parties' certification of their document production and to Defendants' second

26

27      [2] Although Exhibit F to Mr. Macaulay's declaration purports to be billing records through June

28  30, 2012, it is actually the billing records through May 31, 2012.  The court was unable to locate billing records for the month of June 2012 in the papers submitted by Defendants.

1  motion to compel, and were not unnecessary, duplicative, or excessive.  Further, the court finds that

2  the hourly rates sought by Defendants' counsel -- $395 for Brendan Macaulay and $370 for Chi Soo

3  Kim -- are well within the range of reasonable hourly rates for attorneys of comparable skill,

4  experience and reputation litigating similar cases in the San Francisco Bay Area.  Accordingly, the

5  court awards Defendants $17,010.00 for fees incurred in May 2012.  For July 2012, the fees

6  requested relate entirely to Defendants' sanctions motion as well as work regarding Plaintiffs'

7  ongoing document production deficiencies.  The court finds that none of the hours sought in July

8  2012 are unnecessary, duplicative, or excessive, and awards the entire requested amount of

9  $22,175.44.  Therefore, the court awards sanctions in the total amount of $39,185.44.  The sanctions

10  shall be paid by Plaintiffs and/or their counsel to Defendants within 30 days of the date of this order.

11

12      IT IS SO ORDERED.

13

14  Dated:  October 30, 2012

15



16  DONNA M. RYU
    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28